656 A.2d 1315

ARLENE HOLBERT, PLAINTIFF, v. GREAT GORGE VILLAGE SOUTH CONDOMINIUM COUNCIL, INC., STONEHILL PROPERTY OWNERS ASSOCIATION, INC., GREAT MOUNTAIN DEVELOPMENT CORPORATION, SUCCESSOR BY MERGER TO STONEHILL OF VERNON, INC., STONEHILL MANAGEMENT COMPANY, ROSCOMMON CORPORATION, JOHN DOES 1 THROUGH 20 AND XYZ CORPORATIONS 1 THROUGH 5, DEFENDANTS.

STONEHILL PROPERTY OWNERS ASSOCIATION, INC., A NONPROFIT NEW JERSEY CORPORATION, AND GREAT GORGE VILLAGE SOUTH CONDOMINIUM COUNCIL, INC., A NONPROFIT NEW JERSEY CORPORATION, PLAINTIFFS, v. JEFFERSON HOLBERT AND ARLENE HOLBERT, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Sussex County

Decided November 14, 1994.

*Patrick O'Neil,* for plaintiff Arlene Holbert.

*John J. Lamb,* for defendants Great Gorge Village South Condominium Council, Inc. and Stonehill Property Owners Association, Inc.

MacKENZIE, P.J.Ch.

Arlene Holbert (the plaintiff) is the record owner of unit G10–7 at the condominium development known as Great Gorge Village. The development is located in Vernon Township, Sussex County,

New Jersey. There are six condominium sections in Great Gorge Village. The section in which plaintiff's unit is located is known as Great Gorge Village South Condominium Council, Inc. (the Council). The Council is charged with maintaining the common elements in its condominium section. However, the Council, along with the other five sections of the development, has delegated that authority to the Stone Hill Property Owners Association (the Association), which consequently is responsible for the operation, management, and administration of the common elements throughout the complex. As an owner at Great Gorge Village, the plaintiff is a member of both the Council and the Association.

On January 24, 1994, the plaintiff filed suit against the Council and the Association, hereinafter collectively referred to as the defendants, in the Chancery Division, Sussex County, alleging, among other things, misfeasance and/or malfeasance in the management of the affairs of the condominium. On April 20, 1994, the defendants filed a separate suit against the plaintiff in the Law Division, Sussex County, seeking collection of overdue common expenses, including maintenance fees and special assessments. These two actions were later consolidated in the Chancery Division.

This motion for partial summary judgment has been brought by the defendants to recover the unpaid common expenses from the plaintiff. The arrearages at issue date back to December 1988. Demand for full payment has been made, but the plaintiff has not complied.

The plaintiff does not deny her obligation to pay the common expense assessments. Rather, she disputes the amount of the assessments owed to the defendants. Specifically, the plaintiff challenges the right of the defendants to impose fines or penalties for the failure to pay the common expense assessments. Neither the Master Deed nor the By–Laws of the Association permit such an imposition. Instead, the defendants rely upon language in a Unification Agreement which took effect in 1991, amending the

By–Laws of the Association. The Unification Agreement provides in pertinent part:

> The Board [of Trustees of the Association] at its option shall have the right in connection with the collection of any common expense charges, special assessments, or other charges, to impose a late charge of any reasonable amount, if such payment is made after a certain date stated in such notice or after the date required in the Master Deed and By–Laws for payment of such amounts.

The plaintiff argues that this language cannot provide the defendants with the authority to impose a late charge, because under New Jersey law, condominium associations are not empowered to exact fines or penalties from unit owners.

## I.

Among the powers assigned by law to a condominium association is the authority to assess and collect funds for the payment of common expenses. *N.J.S.A.* 46:8B–14. The New Jersey Legislature has defined "common expenses" as follows:

> [E]xpenses for which the unit owners are proportionately liable, including but not limited to:
>
> (i) all expenses of administration, maintenance, repair and replacement of the common elements;
>
> (ii) expenses agreed upon as common by all unit owners; and
>
> (iii) expenses declared common by provisions of this act or by the master deed or by the by-laws. *N.J.S.A.* 46:8B–3(e).

A unit owner's obligation to pay common expenses is unconditional. *N.J.S.A.* 46:8B–17. Each unit owner must pay a percentage of the common expenses proportionate to his or her undivided interest in the common elements. *Id.* However, the liability of a unit owner for common expenses is limited to those amounts duly assessed by the association in accordance with the New Jersey Condominium Act, *N.J.S.A.* 46:8B–1 to –38, the master deed, and the by-laws.

Failure to pay assessed common expenses automatically gives rise to a lien against the owner's unit in favor of the association. *Ibid.* The lien may be foreclosed following its recordation in the office of the Clerk of the county in which the unit is situated. *N.J.S.A.* 46:8B–21. The amount of the lien against the unit may

lawfully include the unpaid common expenses, interest on the common expenses calculated at the legal rate and, if authorized by the master deed or the by-laws, reasonable attorneys fees. *N.J.S.A.* 46:8B–17 and –21. Whether an association may also assess late charges against the unit owner appears to be an issue of first impression in this state.

The only New Jersey decisional authority which arguably bears upon the resolution of this issue is the Appellate Division's ruling in *Walker v. Briarwood Condo. Ass'n*, 274 *N.J.Super.* 422, 644 *A.*2d 634 (App.Div.1994). The condominium association in *Walker* assessed fines against the unit owner for violations of association rules and regulations. These violations occurred while the owner was in the process of moving furniture out of her unit, which she had just sold. In order to facilitate the move, the owner's son-in-law had parked his truck on the lawn in front of the unit. Additionally, the son-in-law brought his puppy with him and permitted it to run free on the property for some time. Each of these events constituted a violation of the association's rules and regulations. For these violations, the association fined the owner $50 and placed a lien on her unit in that amount.

In analyzing the propriety of the fines, the Appellate Division noted that decisions made by the Board of Directors of a condominium association are generally protected by the business judgment rule. *Walker, supra,* 274 *N.J.Super.* at 426, 644 *A.*2d 634. The court, however, observed that in order to enjoy the benefit of the business judgment rule, an association's actions must be "authorized." *Ibid.* An association's acts are authorized only if permitted by its by-laws *and* the New Jersey Condominium Act (the Act). *Ibid.* (citing *Thanasoulis v. Winston Tower 200 Ass'n,* 214 *N.J.Super.* 408, 411, 519 *A.*2d 911 (App.Div.1986), *rev'd on other grounds,* 110 *N.J.* 650, 542 *A.*2d 900 (1988)).

The *Walker* court held that the Act does not give the association the power to enforce its rules and regulations by administering fines or penalties. *Id.* at 427, 644 *A.*2d 634. In so doing, the Appellate Division cited with approval a Virginia case in which

that state's supreme court held that a provision of an association's by-laws allowing for the collection of fines was unenforceable. *Id.* at 428, 644 *A.*2d 634 (citing *Unit Owners Ass'n of BuildAmerica–1 v. Gillman,* 223 *Va.* 752, 292 *S.E.*2d 378 (1982)). The Virginia court disallowed the fines on the basis of the state's condominium act, which made no provision for the imposition of fines·and liens. *Id.*

■ In the instant case, the obligation which plaintiff failed to honor is statutory in origin. *N.J.S.A.* 46:8B–17. Thus, the court here is confronted with a violation of statute, not a violation of the Association's By–Laws, rules or regulations. The New Jersey Condominium Act provides the remedy for failure to pay common expenses: the amount of the common expenses together with interest thereon and, if authorized by the master deed or by-laws, reasonable attorneys fees. *N.J.S.A.* 46:8B–17 and –21. The Act does not permit an association to levy fines or impose penalties and late fees for the failure to pay common expenses. Thus, like the association in *Walker,* the defendants herein exceeded their authority when they charged the plaintiff late fees. The fact that the Unification Agreement referenced above permits the imposition of late fees is irrelevant. Without statutory authorization, that portion of the Unification Agreement which provides for the late charges is void.

■ Accordingly, summary judgment is granted in favor of the defendants in the amount of the unpaid common expenses together with interest thereon calculated at the legal rate. The court's unwillingness to permit the imposition of late charges is based solely upon the lack of statutory authority. Authority for the imposition of late charges by a condominium association must originate with the Legislature because the exaction of fines and penalties is a uniquely governmental function. *Walker, supra,* 274 *N.J.Super.* at 428, 644 *A.*2d 634. Nevertheless, the court endorses the concept of late charges in the condominium context. The failure of any unit owner to pay his share of the common expense assessments or live by the rules of the community impacts on the

entire operation of the association, putting all owners at risk.
Fines are a useful penalty. Thus, implementation of such legislation would reduce the negative financial and social consequences to condominium communities where unit owners do not live up to their reciprocal communal obligations.

## II.

The defendants also seek counsel fees in connection with the collection of the assessments. *N.J.S.A.* 46:8B–21 provides:

> The Association shall have a lien on each unit for any unpaid assessment duly made by the association for a share of common interest expenses or otherwise, together with interest thereon and, if authorized by the master deed or by-laws, reasonable attorney fees.

This section of the statute addresses only actions in equity to foreclose a lien on the unit. The statute does not reference actions at law for the collection of overdue assessments. Nonetheless, the justification for an award of attorneys fees is the same regardless of whether the action sounds in equity (foreclosure) or law (damages). As the court noted in *Park Place East Condo. Ass'n v. Hovbilt, Inc.,* 279 *N.J.Super.* 319, 652 *A.*2d 781 (Ch.Div. 1994), the collection procedures prescribed in the Act represent the Legislature's recognition that assessments for common expenses provide an association with working capital. *Id.* at 323, 652 *A.*2d 781. "The legislature clearly did not intend that the necessary income stream be reduced by the payment of 'reasonable attorneys fees' incurred in the process of collection of the charges." *Id.* at 323–24, 652 *A.*2d 781. Thus, this court can discern no reason why an award of attorneys fees would not be equally appropriate in action to collect assessments as in an action to foreclose a lien.

Therefore, the defendants need only demonstrate that either the Master Deed or the By–Laws of Association provide for an award of attorneys fees in an action to collect overdue assessments. Article IX, Section A.(3)(b) of the Master Deed so provides: "[E]ach unit owner shall reimburse the council for all costs and expenses reasonably incurred in the collection of any delin-

quent amounts, including attorneys fees." Since attorneys' fees are authorized by the Master Deed, the judgment in favor of the defendants will also include reasonable attorneys fees. *N.J.S.A.* 46:8B–21.