**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3028-16T2

MASTERS AT KNOB HILL
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff-Appellant,

v.

SEAN M. LALLJEE,

    Defendant-Respondent.

_____

          Submitted February 27, 2018 — Decided June 6, 2018

          Before Judges Carroll and DeAlmeida.

          On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-001113-16.

          Ansell Grimm & Aaron, PC, attorneys for appellant (Breanne M. DeRaps and David J. Byrne, on the brief).

          The Boyer Law Firm, attorneys for respondent (Michele T. Boyer, on the brief).

PER CURIAM

    Plaintiff Masters at Knob Hill Condominium Association, Inc. ("the Association") appeals from an order of the Chancery Division awarding it attorney's fees and costs in this foreclosure action.

Plaintiff argues that the court erred when it determined the amount of attorney's fees awarded. We reverse and remand for a new determination of the amount of attorney's fees to be awarded to plaintiff.

I.

Plaintiff is a residential condominium association responsible for the management of the common elements of a condominium complex in Manalapan. Defendant Sean M. Lalljee owns a residential unit at the complex. Defendant concedes that he did not fulfill his responsibility under the governing documents of the Association to pay common expense assessments on his unit. Pursuant to the New Jersey Condominium Act, N.J.S.A. 46:8B-1 to -38, the unpaid assessments constitute liens on defendant's unit in favor of the Association.

Plaintiff recorded liens against Lalljee's unit with the Clerk of Monmouth County for unpaid common expense assessments on the following dates and in the following amounts: (1) March 29, 2009, $5,258.95; (2) November 14, 2011, $3,571.04; and (3) May 1, 2013, $5,759.47. The liens, totaling $14,589.46, secured amounts including assessments, late charges, and other fees through the end of 2013.

A-3028-16T2

In 2014, a bankruptcy petition filed by defendant was discharged. Some, but not all, of the debts memorialized in the liens were discharged.

On January 13, 2016, the Association filed a complaint in the Chancery Division to foreclose on the portion of the liens not discharged in the bankruptcy. Defendant filed an Answer on or about March 9, 2016.

Attempts to settle the matter were unsuccessful. Plaintiff contends defendant rebuffed settlement offers, and attempts by the Association's Board President to resolve the matter without incurring significant attorney's fees. Defendant, on the other hand, contends that he was willing to pay the assessments that were in arrears, but plaintiff was unable to provide a precise payoff amount. The record contains several communications from plaintiff setting the payoff amount at divergent amounts.

Plaintiff filed three motions prior to trial. The first, to strike defendant's defenses and suppress his answer without prejudice pursuant to Rule 4:23-5, was denied when defendant provided discovery responses before the return date of the motion. The second, for partial summary judgment, was denied because a certification supporting the motion was not forwarded to the court. Plaintiff's third motion, for reconsideration of its motion for

partial summary judgment, was returnable on the day after trial. As a result, the motion was not heard by the trial court.

On September 15, 2016, the parties and counsel appeared for trial. They resolved the matter that day. Defendant agreed to acknowledge and pay the amount of the open assessments secured by the liens and recognize the Association's right to an award of reasonable attorney's fees and costs incurred in collecting the assessments. The total amount of common expense assessments recovered by plaintiff was $1,715.67, with interest.

On October 12, 2016, the Association, pursuant to Rule 4:42-9, submitted its attorney's fee affidavit seeking $31,627.50 in attorney's fees, and $1,618.96 in costs. The attorney's fees sought were charged by two firms. Stark & Stark, P.C. ("Stark") represented the Association through March 2015, resulting in attorney's fees of $5,274.50, and costs of $677.87. Among other things, Stark prepared and recorded liens, engaged in settlement-related actions, including communicating with defendant, and drafting proposed payment agreements.

The Association retained Ansell, Grimm & Aaron P.C. ("Ansell") in March 2015. Ansell represented the Association from the preparation and filing of the foreclosure complaint through entry of final judgment. Ansell's representation of the Association resulted in attorney's fees of $26,353, and costs of

$941.09. Some of the attorney's fees charged by Ansell were for set amounts for identified tasks, as agreed upon by the Association and Ansell. The remaining fees were based on an hourly rate.

On November 4, 2016, the trial court awarded all of the costs sought, $1,618.96, but only $11,274.50 in attorney's fees.

On February 27, 2017, the court entered a final judgment of foreclosure memorializing plaintiff's entitlement to $1,715.67 in common expense assessments, with interest, and $12,893.46 in attorney's fees and costs.

This appeal followed.

## II.

Although New Jersey generally disfavors the shifting of attorney's fees, a prevailing party may recover attorney's fees if expressly provided by statute, court rule, or contract. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 440 (2001) (citing North Bergen Rex Transp., Inc. v. Trailer Leasing Co., 158 N.J. 561, 564 (1999) and Dep't of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 504 (1983)). Rule 4:42-9(a)(8) permits the award of attorney's fees "[i]n all cases where attorney's fees are permitted by statute."

The Condominium Act authorizes the award of attorney's fees as follows:

> [t]he association shall have a lien on each unit for any unpaid assessment duly made by the association for a share of common expenses . . . together with interest thereon and, if authorized by the master deed or bylaws, late fees, fines and reasonable attorney's fees.
>
> [N.J.S.A. 46:8B-21(a).]

Defendant does not dispute that plaintiff, having prevailed in its foreclosure action with respect to delinquent common expense assessments on his unit, is entitled by statute and the governing documents of the Association to reasonable attorney's fees. The only issue before us is the quantum of the attorney's fees awarded.

In calculating the amount of reasonable attorney's fees, "an affidavit of services addressing the factors enumerated by RPC 1.5(a)" is required. R. 4:42-9(b); Township of W. Orange v. 769 Assocs., LLC, 198 N.J. 529, 542 (2009). RPC 1.5(a) sets forth the factors to be considered when determining an attorney's fee award. The rule provides:

> (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
>
> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

6

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

[RPC 1.5.]

Courts determine the "lodestar," defined as the "number of hours reasonably expended" by the attorney, "multiplied by a reasonable hourly rate." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (citing Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)). "The court must not include excessive and unnecessary hours spent on the case in calculating the lodestar." Furst, 182 N.J. at 22 (citing Rendine v. Pantzer, 141 N.J. 292, 335-36 (1995)). We afford trial courts "considerable latitude in resolving fee applications . . . ." Grow Co. v. Chokshi, 424 N.J. Super. 357, 367 (App. Div. 2012). Such "'determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Packard-Bamberger, 167 N.J. at 444 (quoting Rendine, 141 N.J. at 317).

Here, the trial court reviewed each of the factors set forth in RPC 1.5. The court found both the fixed fees charged by Ansell, and the hourly rates charged by both firms to be reasonable. The court determined, however, that the proportionality of the amount of attorney's fees sought to the amount of the assessments recovered from defendant warranted a reduction in the fees awarded. The court explained its rationale: "I've considered all the . . . RPCs, and . . . you comply with that, but it kind of shocks the [conscience] when I'm asked to — to give a fee of [fifteen] times the amount" recovered. This is the only factor on which the trial court relied in reducing the attorney's fee award.

To calculate the fee, the trial court allowed the entire amount sought for services provided by Stark, $5,274.50. With respect to the $26,353 in attorney's fees sought for services provided by Ansell, however, the court allowed only $6,000. This amount was determined not by eliminating excessive or unwarranted hours from Ansell's affidavit. In fact, the court made no finding that any particular action taken by the Ansell firm was unreasonable or unwarranted. Instead, the trial court appears to have selected a dollar figure it determined to be reasonable without explaining how it reached that figure.

We rejected this approach to determining attorney's fees in The Glen Section I Condo. Assoc. v. June, 344 N.J. Super. 371

8

(App. Div. 2001). In that case, the trial court, acting without an affidavit of services, held that

> I do [not] know of anyone that would pay $7000 in attorney's fees to collect a judgment on slightly over $2,800. It is not reasonable. I can only, therefore, and will only award counsel fees reasonably related to what should have been done in this case. That fee that I'm allowing is the sum of $1000, which I believe adequately compensates counse[l].
>
> [Id. at 382.]

Finding that this reasoning "clearly contravene[s] the purpose of" Rule 4:42-9, we remanded the matter "for a determination of reasonable attorney's fees based upon the proper submission of an affidavit of services." Ibid.

Although a court may consider the damages recovered by a prevailing party when determining an attorney's fee award, a reduction in attorney's fees may not be justified merely by comparing the amount of damages recovered to the amount of attorney's fees sought. Our Supreme Court requires a more nuanced analysis. As explained in Rendine,

> if the specific circumstances incidental to a counsel-fee application demonstrate that the hours expended, taking into account the damages prospectively recoverable, the interests to be vindicated, and the underlying statutory objectives, exceed those that competent counsel reasonably would have expended to achieve a comparable result, a trial court may exercise its discretion to

exclude excessive hours from the loadstar calculation.

Similarly, a trial court should reduce the loadstar fee if the level of success achieved in the litigation is limited as compared to the relief sought. "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."

[141 N.J. at 336 (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).]

With respect to the first circumstance addressed in Rendine, the trial court must consider the hours expended, the damages reasonably recoverable, the interests to be vindicated, and the underlying statutory objectives. The trial court did not examine these factors. We note the legislative intent when enacting N.J.S.A. 46:8B-21(a), a factor overlooked by the trial court. The Chancery Division describe the statute as follows:

[t]he legislative scheme for collection of assessments for maintenance charges against individual unit owners is a recognition that such charges are the financial life-blood of the Association. They are conceptually akin to the right of a municipality to levy and collect real estate taxes. The legislature clearly did not intend that the necessary income stream be reduced by the payment of "reasonable attorneys fees" incurred in the process of collection of the charges.

[Park Place E. Condo. Ass'n v. Hovbilt, Inc.,
279 N.J. Super. 319, 323-24 (Ch. Div. 1994).]

Any attorney's fees not paid by defendant will be borne by the other owners of units at the Association's condominium complex.

In addition, to the extent that attorney's fee awards are reduced in actions to collect common expense assessments, the statutory incentive for unit owners to pay assessments in a timely fashion is weakened. These considerations must be weighed by the trial court, along with the likelihood that common expense assessments might often be relatively small when compared to the cost of employing counsel to collect them. Reductions in attorney's fees awards based on the small amount of assessments collected may have the unintended, and negative consequence of encouraging the accumulation of large amounts of delinquent assessments prior to an Association's initiation of legal action.

In addition, as the Court noted in Rendine, "a trial court may exercise its discretion to exclude excessive hours from the loadstar calculation" where appropriate. 141 N.J. at 336. Here, the trial court did not excise hours from the attorney's fee application, but simply reduced the Ansell attorney's fee award to a round number the court found reasonable.

We also agree with plaintiff that it was an abuse of the trial court's discretion to, without explanation, award the entire

11

amount of attorney's fees incurred for services by the Stark firm, but to reduce the fees incurred for services by Ansell. The court must "evaluate carefully and critically the aggregate hours" expended by each firm and eliminate those that "are excessive, redundant, or otherwise unnecessary." Rendine, 141 N.J. at 335.

With respect to plaintiff's level of success achieved, the appropriate analysis is to compare the relief sought by plaintiff to the relief obtained. The Association initiated its foreclosure action to obtain a final judgment of foreclosure with a set amount due from defendant if he wished to avoid foreclosure. Plaintiff was completely successful in obtaining that relief. A comparison of the amount of attorney's fees incurred to the amount of damages awarded, standing alone, to determine the level of a prevailing party's success has been rejected by our Supreme Court. Szczepanski v. Newcomb Med. Ctr., 141 N.J. 346, 366 (1995) ("We decline to construe New Jersey's fee-shifting statutes to require proportionality between damages recovered and counsel-fee awards even if the litigation . . . vindicates no rights other than those of the plaintiff.").

Reversed and remanded for a determination consistent with this opinion of reasonable attorney's fees to be awarded to plaintiff.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3028-16T2