**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4132-16T1

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

     Plaintiff-Respondent,

v.

STANLEY CLARK, FAY CLARK,
his wife, FEDERAL DEPOSIT
INSURANCE CORPORATION AS
RECEIVER FOR INDY MAC
FEDERAL BANK, FSB,

     Defendants,

and

BURNETT MANOR CONDOMINIUM
ASSOCIATION,

     Defendant-Appellant.

_____

Argued December 12, 2018 – Decided January 9, 2019

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-013260-12.

Michael P. Hrycak argued the cause for appellant.

Mark S. Winter argued the cause for respondent (Stern, Lavinthal & Frankenberg, LLC, attorneys; Mark S. Winter, of counsel and on the brief).

PER CURIAM

Defendant Burnett Manor Condominium Association, a junior lienholder in this residential foreclosure by plaintiff Federal National Mortgage Association and its predecessors, OneWest Bank, FSB and Ocwen Loan Servicing, LLC, appeals from orders relating to its requests for attorneys' fees incurred in the action. Because we conclude the General Equity judge did not abuse his considerable discretion in appropriately assessing fees, we affirm.

This residential foreclosure has a protracted history, most of which is irrelevant to the current controversy. Suffice it to say that the Association, which depends on the collection of common expense assessments for its "financial life-blood," see Park Place E. Condo. Ass'n v. Hovbilt, Inc., 279 N.J. Super. 319, 323 (Ch. Div. 1994), was dissatisfied with the pace of plaintiff's foreclosure action filed in 2012. The unit owner mortgagors were not paying their assessments and had filed for bankruptcy, and the Association was anxious

A-4132-16T1

for plaintiff to complete its foreclosure and transfer title to a new owner who would pay the assessments.

Although the parties had entered into a consent order in January 2014 deeming the Association's answer non-contesting and agreeing that the six-month portion of the Association's lien would have priority over plaintiff's lien pursuant to N.J.S.A. 46:8B-21, the Association in February 2015 filed a motion pursuant to R. 4:64-4 to permit it to proceed to judgment, alleging plaintiff refused to proceed. Plaintiff's predecessor, OneWest Bank, opposed the motion, asserting it had not neglected the action and was diligently attempting to proceed to final judgment. Judge Koprowski denied the Association's motion to proceed on March 6, 2015, but ordered plaintiff to file its application for entry of final judgment within sixty days.

Plaintiff wrote to the court in May, advising it could not apply for final judgment in accordance with the court's March 6 order because the borrowers were pursuing loss mitigation efforts, prohibiting plaintiff from proceeding to final judgment under federal law. See 12 C.F.R. § 1024.41(g). In August, plaintiff advised counsel for the Association that the loan had been transferred to the Federal National Mortgage Association, likely leading to the appointment of a new servicer and assignment of new counsel. The Association moved the

3

same month to enforce the March order under R. 1:10-3 and to permit it to proceed to judgment pursuant to R. 4:64-4. The motion was unopposed and Judge Koprowski granted it on October 13, 2015. The Association applied for entry of final judgment in the Office of Foreclosure, which twice advised the Association its application was deficient because, among other things, its application for attorney's fees, which exceeded those allowed by R. 4:42-9(a)(4), was required to be filed in the vicinage.

In April 2016, new counsel for the Federal National Mortgage Association, the new plaintiff, filed a motion to vacate the October 2015 order permitting the Association to proceed under R. 4:64-4. The Association opposed the motion and cross-moved for entry of final judgment, including an award of attorneys' fees of over $36,500. Judge Koprowski granted plaintiff's motion and denied the cross-motion.

In a written statement of reasons, the judge explained that the record supported plaintiff's assertions it had not abandoned the action. He noted plaintiff's predecessor had advised the court and the Association it could not proceed to judgment while the borrowers pursued loss mitigation efforts and that the Association moved to enforce the judgment notwithstanding that knowledge and the advice that the loan had been transferred to the Federal National

4

Mortgage Association. Other delays had been caused by the borrowers' bankruptcy and transfer of the loan. Finding the last transfer to Federal National Mortgage Association likely resulted in plaintiff not having counsel in place to oppose the Association's prior motion and that plaintiff had not abandoned the action, the court determined "it inequitable to allow the October 13, 2015 Order to stand."

Noting, however, the court had "the right to impose terms, including an award of attorney's fees" in setting aside the prior order, and acknowledging plaintiff and its predecessors had certainly contributed to the delays in the case, the court ordered plaintiff to pay the Association $5000 as a condition of reinstatement. In light of its restoration of plaintiff's action, the court found no basis for the Association's motion for final judgment or attorney's fees. The court did, however, accept plaintiff's suggestion that the appointment of a rent receiver, relief foreclosure plaintiffs often oppose because it complicates marketing the property, could assist the Association in more quickly installing a tenant responsible for payment of the monthly fees and assessments and ordered one be appointed.[1] The court denied the Association's motion for

---

[1] At argument, counsel agreed the rent receiver had provided the Association with nine months of fees in the amount of $2,696.53 through sheriff's sale.

reconsideration after permitting oral argument. The judge was again satisfied plaintiff had not abandoned the foreclosure, that the award of $5000 to the Association was fair under the circumstances and that no further fees were warranted.

The Association appeals, contending the court erred in failing to award fees on its R. 1:10-3 motion, which went unopposed; abused its discretion in vacating the October 13, 2015 order resulting from that motion and only awarding the Association $5000 in fees; and in denying its motion for reconsideration. The Association also asserts the Office of Foreclosure was without authority to deny it final judgment pursuant to R. 4:64-4 and should have transferred the motion to the vicinage as the Association requested. Our review of the record convinces us that none of those arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

The trial court's critical finding in this case, well-supported by the record, was that plaintiff had not neglected or abandoned this foreclosure proceeding within the meaning of R. 4:64-4. Indeed plaintiff was prohibited from proceeding to final judgment within the timeframe specified by the court by operation of federal law. See 12 C.F.R. § 1024.41(g). Accordingly, the

6

Association had no right to proceed to judgment under R. 4:64-4 and no right to fees.[2]

Because the unopposed order the Association secured was interlocutory, the judge, upon being presented with plaintiff's reasons for not proceeding to judgment was "not required to sit idly by and permit injustice to prevail," but was "empowered to revisit the prior ruling and right the proverbial ship." Lombardi v. Masso, 207 N.J. 517, 537 (2011). The judge exercised his equitable powers by conditioning reinstatement of plaintiff's action on its payment of $5000 to the Association. See ATFH Real Prop., LLC v. Winberry Realty P'ship, 417 N.J. Super. 518, 527-28 (App. Div. 2010). We perceive no error or unfairness in Judge Koprowski's imposition of those terms or in the judge's appointment of a rent receiver aimed at mitigating the Association's damages. The Association's contention that it was entitled to an award of fees pursuant to N.J.S.A. 46:8B-21 is misplaced. That statute permits a condominium association to collect reasonable attorneys' fees from a unit owner if permitted

---

[2] Because we agree with the trial judge that the Association had no right to proceed to judgment of foreclosure pursuant to R. 4:64-4, we have no occasion to consider whether the Association's motion for final judgment complied with R. 4:64-4 or to review the actions of the Office of Foreclosure.

A-4132-16T1

by the master deed or bylaws, not from a prior encumbrancer in a mortgage foreclosure action.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION