**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4999-17T1

SOCIETY HILL AT JERSEY CITY
CONDOMINIUM ASSOCIATION
I, INC., a not-for-profit corporation
of the State of New Jersey,

     Plaintiff-Respondent,

v.

JOHN ESAINKO and EILEEN
TOBIN, a/k/a EILEEN ESAINKO,

     Defendants-Appellants.

_____

Submitted February 27, 2019 – Decided June 26, 2019

Before Judges Vernoia and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0537-17.

The Cintron Firm, LLC, attorneys for appellants (Mark J. Cintron, on the brief).

Buckalew Frizzell & Crevina LLP and Law Office of Steven J. Tegrar, attorneys for respondent (David B. Joyandeh and Suzanne D'Amico Brodock, on the brief).

PER CURIAM

Defendants, John Esainko and Eileen Tobin, also known as Eileen Esainko, who were sued by plaintiff, Society Hill at Jersey City Condominium Association I, Inc. for unpaid assessments for their share of common expenses, together with late fees, interest on arrears, attorneys' fees and costs of collection, appeal from the trial court's orders of: February 16, 2018, denying their motion to extend discovery; March 29, 2018, denying their motion for reconsideration of the court's February 16 denial; March 29, 2018, dismissing their answer without prejudice for failure to appear at court-ordered depositions; and May 25, 2018, granting plaintiff summary judgment and entering judgment against defendants in the amount of $28,043.87. We affirm the trial court's orders denying both the motion to extend discovery and the motion for reconsideration of same; but reverse and remand the trial court's order granting summary judgment and entering judgment in favor of plaintiff.

Defendants argue good cause existed to extend the discovery period. We note that defendants first filed, on November 29, 2017, a motion to extend discovery from the original discovery end date (DED) of December 22, 2017. That unopposed motion was granted on December 22, 2017; the court's order

extended discovery for ninety days and provided the parties, "may furnish additional written discovery requests through January 22, 2018[.]"

Defendants claim discovery requests were provided to a paralegal in their attorney's firm on November 6, 2017 but their counsel first learned from plaintiff's counsel on January 23, 2018 that those requests were never served. Plaintiff's counsel was served with requests via fax at 6:03 p.m. on January 24. After plaintiff's counsel refused to answer the discovery requests because they were served beyond the January 22 DED, defendants filed a second motion to extend discovery. On February 16, Judge Mary K. Costello entered an order denying the motion "for lack of exceptional circumstances shown. Stated reason for extension is the admitted failure of moving party to send written discovery requests. Moving party halted all discovery to their own detriment. DED remains [March 22, 2018]."

"We generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005) (citing Payton v. N.J. Tpk. Auth., 148 N.J. 524, 559 (1997)). The "abuse of discretion" standard "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies,

3

or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

In the order denying the motion for reconsideration of the order we now review, Judge Costello indicated that an "arbitration date of April 5, 2018 was scheduled to occur after the DED expired on March 22, 2018." Inasmuch as Rule 4:24-1(c) provides, "[n]o extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown," defendants were required, contrary to their contention, to show more than good cause.

In Rivers, 378 N.J. Super at 79, we recognized the four "Vitti[1] factors" in holding:

> In order to extend discovery based upon "exceptional circumstances," the moving party must satisfy four inquiries: (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.

---

[1] The factors were announced in Vitti v. Brown, 359 N.J. Super. 40, 51 (Law Div. 2003).

A-4999-17T1

We agree with Judge Costello that defendants failed to show exceptional circumstances. Defendants never served written discovery requests on plaintiff's counsel before the extended DED. Despite not receiving responses to the requests he thought were sent, defendants' counsel did not follow-up with plaintiff's counsel prior to the DED. Had he done so, he would have learned plaintiff's counsel never received them. Thus, defendants' counsel did not "establish that he . . . ma[d]e effective use of the time permitted under the [R]ules," as is required for an attorney requesting a discovery extension. Ibid. (quoting Vitti, 359 Super. at 51). If "the 'delay rests squarely on [defendants'] counsel's failure to . . . pursue discovery in a timely manner,' and the Vitti factors are not present, there are no exceptional circumstances to warrant an extension." Ibid. (quoting Huszar v. Greate Bay Hotel & Casino, Inc., 375 N.J. Super. 463, 473-74 (App. Div. 2005)).

Here, none of the Vitti factors are present. We perceive no compelling reason proffered by defendants to support their contention that the sought discovery was essential. Additionally, as Judge Costello noted, the "reason for [the] extension [was defendants'] admitted failure . . . to send written discovery requests." And the circumstances were entirely in the control of defendants' counsel; discovery could have been obtained if timely requests had been served.

5

Judge Costello did not abuse her discretion in denying the discovery-extension request. Applying more of the Vitti principles, we recognized that, under Best Practices, see R. 4:5A, "applications to extend the time for discovery should be the exception and not the rule." Rivers, 378 N.J. Super. at 78 (quoting Vitti, 359 N.J. Super. at 45).

We also reject defendants' argument that Judge Costello erred in denying their motion for reconsideration. In addition to the aforementioned reference to the scheduled April 5, 2018 arbitration date following the DED, and resulting application of the "exceptional circumstances" standard, the judge's order provided: "The moving party willingly stopped discovery and has now allowed 300 days of allotted discovery time lapse without even conducting written discovery"; "the moving party has failed to satisfy the requirements of R[ule] 4:49-2 for reconsideration."

We review a denial of a motion for reconsideration for abuse of discretion, Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996), which "'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,"'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg, 171 N.J. at 571). We accord the trial court's findings of

fact substantial deference provided they are "supported by adequate, substantial and credible evidence." Cosme v. Borough of E. Newark Twp. Comm., 304 N.J. Super. 191, 202 (App. Div. 1997) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). We also defer to a trial court's discretionary determinations and concomitant conclusions. Pitney Bowes Bank, 440 N.J. Super. at 382-83. We do not, however, give deference to a trial court's legal interpretations. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Judge Costello correctly applied our prescription in Cummings that

> [r]econsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

Defendants contend the judge's "application of an 'exceptional circumstances' standard was mistaken based on the mandate of the [Conference of Civil Presiding Judges at a February 26, 2002 meeting] and Rule 4:21A-1" because the arbitration was scheduled despite the fact that defendants' original motion to extend discovery "was made well before the [DED] and was returnable

 A-4999-17T1

over a month before the [DED]."  This argument ignores that the arbitration date – April 5, 2018 – was within sixty days of the March 22, 2018 DED, thus complying with Rule 4:21A-1(d) which mandates that, absent the written consent of the parties, the arbitration "hearing shall not be scheduled for a date prior to the end of the applicable discovery period, including any extension thereof" and that the hearing must take place "no later than [sixty] days following the expiration of that period."

Defendants also contend the judge failed to take into account the difficulty they encountered in arranging travel from their home in North Carolina to New Jersey for depositions because of their daughter's unfortunate medical condition. Defendants' concern was first raised in their reconsideration motion, not in support of their initial discovery-extension motion.  We fully support that "if a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the [c]ourt should, in the interest of justice (and in the exercise of sound discretion), consider the evidence." Cummings, 295 N.J. Super. at 384 (quoting D'Atria, 242 N.J. Super. at 401).  Defendants' argument for reconsideration, however, relied on facts which were known to them and could have been presented in their first application.  Furthermore, the hardships they faced in caring

for their child did not provide justification for the late-served written discovery requests.[2] Judge Costello did not abuse her discretion in denying the motion for reconsideration.

Another judge granted plaintiff's motion for summary judgment. The court's order provides the only reason for its decision:

> First, there are no issues of material fact present. The record shows that [d]efendant owed certain fees associated with the condominium. Defendant has not proffered anything which disputes same. Second, the legal fees sought are plainly provided in the governing documents. . . . Further, the [c]ourt finds that the legal fees sought are reasonable and are within the scope of this litigation. Defendant's argument is that the fees prior to this litigation are not relevant. The governing documents clearly permit [p]laintiff to seek fees in connection with the foreclosure action. . . . This action was commenced after the foreclosure in order to recover the expenses of same. . . . In sum, the fees sought are explicitly provided for in the governing documents.

---

[2] We note defendants did not address in their merits brief the March 29, 2018 order which dismissed their answer without prejudice for failure to appear for court-ordered depositions, allowing defendants to move to restore their pleading after they were deposed. Defendants' child's illness was raised in connection with their argument regarding only the reconsideration motion. We will not address issues which are not briefed. Skldowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (holding that an issue not briefed on appeal is deemed waived).

Defendants argue: existent fact issues precluded summary judgment; plaintiff sought legal fees that exceeded the amount limited by plaintiff's governing documents, were unreasonable and billed for work outside the scope of litigation to recover the association's assessments for common expenses; plaintiff failed to prove arrears and late fees incurred after defendants filed their petition for relief in bankruptcy; and the grant of summary judgment was based on an inadequate record.

We ordinarily review summary judgment decisions de novo. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). But "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-302 (App. Div. 2018). The trial court's failure to comply with Rule 1:7-4(a) leaves us in that position.

Because the court did not, in a written or oral opinion or memorandum decision, set forth findings of fact and correlate them to legal conclusions in accordance with the Rule, made applicable to summary judgment decisions by Rule 4:46-2(c), we are unable to conduct the proper analysis required under Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 540 (1995). As we observed in Great Atlantic & Pacific Tea Co. v. Checchio, 335 N.J. Super. 495,

498 (App. Div. 2000), "neither the parties nor we are well-served by an opinion devoid of analysis or citation to even a single case." See also Doerfler, 454 N.J. Super. at 301. The conclusory reasons set forth by the trial court at the bottom of its order compel us to reverse the grant of summary judgment and remand this matter. In doing so, we do not suggest that summary judgment, in whole or part, is not appropriate in this case.

On remand, however, the trial court must address defendants' arguments. The decision shall include an exact calculation of any amount due plaintiff, recognizing plaintiff's right to collect the assessments and related charges due under the master deed and by-laws. See N.J.S.A. 46:8B-21(a); Highland Lakes Country Club & Cmty. Ass'n v. Franzio, 186 N.J. 99, 110-12 (2006); Park Place E. Condo. Ass'n v. Hovbilt, Inc., 279 N.J. Super. 319, 323-24 (Ch. Div. 1994). The court must consider defendants' arguments regarding the impact of the bankruptcy and foreclosure proceedings on that calculation. Further, the court, in determining any amount due plaintiff for counsel fees, is required to examine the extent of any limitation on that amount imposed by the governing documents, specifically section 5.11 of the master deed and 5.11V of the by-laws. The court must also conduct an analysis of the fees sought, as supported by an affidavit required under Rule 4:42-9(b), by applying the factors set forth

11

in <u>RPC</u> 1.5(a)[3] and the tenets set forth in <u>Rendine v. Pantzer</u>, 141 N.J. 292 (1995), and its progeny, <u>see</u> <u>Litton Indus., Inc. v. IMO Indus., Inc.</u>, 200 N.J. 372, 385-88 (2009); <u>Furst v. Einstein Moomjy, Inc.</u>, 182 N.J. 1, 21-23 (2004); <u>Packard-Bamberger & Co. v. Collier</u>, 167 N.J. 427, 443-46 (2001).

We agree with defendants that the court, before deciding the summary judgment motion, should have granted oral argument, <u>LVNV Funding, LLC v. Colvell</u>, 421 N.J. Super. 1, 5 (App. Div. 2011), which we expect shall occur upon remand.

---

[3] <u>RPC</u> 1.5(a) lists the factors to be considered in determining the reasonableness of an attorney's fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent.

A-4999-17T1

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

13                                                                    A-4999-17T1