**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0971-20

NINETEEN HUNDRED
BOARDWALK CONDOMINIUM,
a New Jersey not for profit
corporation,

     Plaintiff-Respondent,

v.

MAUREEN A. DUGAN,

     Defendant-Appellant.

_____

Submitted November 18, 2021 – Decided January 20, 2022

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. DC-002508-20.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the briefs).

Eric S. Kershenblatt, attorney for respondent.

PER CURIAM

Maureen A. Dugan, a unit owner in a condominium association, appeals the December 3, 2020 denial of her reconsideration motion. On September 24, 2020, after a bench trial, the trial judge entered judgment awarding $350 in unpaid move-in renter's fees assessed by plaintiff 1900 Boardwalk Condominium Association, and $3,000 in counsel fees. Dugan's notice of appeal only lists the reconsideration order. For the reasons that follow, we affirm.

After the trial, the judge found the Association master deed and bylaws permitted the condominium board "to adopt and amend the rules and regulations covering the details of the operation and use of property." This meant the board was also authorized to impose sanctions against unit owners who failed to comply with the Association's rules and regulations.

Accordingly, Dugan's loss of parking privileges and pool usage, imposed because she failed to pay move-in renter's fees, was proper. The board assessed $75 move-in renter's fees for the 2018 summer, and $70 in 2019—Dugan owed five fees for 2018, and one for 2019—which the judge reduced to five fees at $70 each. The Association documents also provided that the prevailing party in litigation regarding disputes between the Association and a unit owner could "recover the cost of the proceedings and reasonable attorneys' fees . . . ."

A-0971-20

The judge reduced the Association's requested counsel fees from $5,000 to $3,000 in light of the work performed. He also dismissed Dugan's counterclaim, finding she had no cause of action for harassment in a contract dispute, nor could she seek recovery of any alleged loss of rental income generated by the imposition of penalties, since that would essentially permit her to recover losses incurred as a result of her violation of Association rules.

Notice of the move-in fees had been served upon Dugan's predecessor in interest in March 2018; Dugan purchased in May. The judge considered that the notice sufficed to put Dugan on notice as well. The judge was unconvinced by Dugan's argument that any statute or case limited the Association's counsel to twenty percent of the amount in dispute. He agreed with the Association's argument that Park Place E. Condo. Association v. Hovbilt, Inc., 279 N.J. Super. 319 (Ch. Div. 1994), imposed a counsel fee cap solely on prelitigation costs.

On the motion for reconsideration, during which Dugan was again self-represented, she renewed her arguments and added new ones—such as that the matter should have been submitted, as required by the court rules, to alternative dispute resolution (ADR). Since she had objected to the submission to ADR initially, the judge concluded that failure to participate in it did not defeat the Association's cause of action.

A-0971-20

Dugan also requested the judge vacate the Association's lien against her unit, which request he did not grant because he lacked the authority in this Special Civil Part litigation. Neither did he grant her a stay pending appeal, nor the Association's request for additional counsel fees for the reconsideration motion. As to the latter, he denied relief without prejudice.

Now on appeal, Dugan merely contends in general terms that the judgment should be vacated. We find no merit to those arguments, in light of the judge's comprehensive and thoughtful analysis of the claims made by the parties and his review of the condominium documents, within the context of the statutes regulating condominium associations.

Motions for reconsideration are reviewed deferentially. They are governed by Rule 4:49-2, "which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). That is precisely what Dugan is attempting here.

4

On appeal, Dugan is restating the arguments that she made during the trial, and made again during the motion for reconsideration. The judge's denial of reconsideration was not an abuse of discretion—neither palpably incorrect or irrational, nor did he fail to consider, or appreciate the significance of probative, competent evidence. See ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Finally, Dugan sought to have the lien vacated, but a motion for reconsideration was not the appropriate vehicle for a new legal issue. See Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015). Furthermore, as the judge observed, the Special Civil Part was not the proper forum for such a request. Even if the motion been brought in a procedurally proper fashion, it had no merit because Dugan's attack on the judge's decision lacks merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0971-20