274 N.J. Super. 422 (1994)
644 A.2d 634
JANE WALKER, PLAINTIFF-RESPONDENT,
v.
BRIARWOOD CONDO ASSOCIATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 8, 1994.
Decided June 20, 1994.
*424 Before Judges BRODY, STERN and KEEFE.
Jack E. Shames, attorney for appellant.
Jane Walker, pro se, did not file a brief.
The opinion of the court was delivered by KEEFE, J.A.D.
The issue presented on appeal is whether the defendant Briarwood Condominium Association (Association) had the power to impose fines and file a lien against plaintiff's property for violating Association rules without resorting to judicial process. Defendant Association appeals from a judgment entered in the Special Civil Part that plaintiff Jane Walker, a former member of the Association, was entitled to a return of $50 in fines which she had paid to the Association. Plaintiff, who appeared pro se in the trial court, does not participate in this appeal. We affirm the judgment under review, but for reasons other than those stated by the trial judge.
The facts are essentially undisputed. On January 3, 1993, plaintiff's son and son-in-law arrived with a truck at plaintiff's condominium, which plaintiff had recently sold, in order to help plaintiff move some furniture. Because of the considerable distance between the unit and the street, plaintiff's son and son-in-law decided to drive the truck onto the frozen lawn. The activity was observed by the Association's legal counsel who called the police. By the time the police arrived, the truck had been removed from the lawn.
Plaintiff's son had brought his puppy with him when he came to move plaintiff's furniture. The puppy was permitted to run free for some time. However, at or about the time the police arrived, the puppy was placed on a leash. Plaintiff was advised by the Association's legal counsel, who was present at the time, that she would be fined for these two events because they were allegedly in violation of Association Rules and Regulations.
*425 Plaintiff testified that she was not formally notified that fines had actually been imposed until January 15, 1993, the date of the closing, when she learned that the Association had placed a lien on her property for $50. In order to discharge the lien, the $50 fine was paid to the Association. Plaintiff brought suit in the Special Civil Part to recoup the $50 fine that she had paid.
The Association's legal counsel testified that the fines were approved by the Board of Directors on January 14, 1993 and the notice to plaintiff was sent on January 15th. He admitted that plaintiff was not provided with notice that a meeting of the Board to consider such fines would take place. The "Statement of Fines" issued to plaintiff reflected that a fine of $25 was imposed for "truck on lawn; people walking on lawn about truck," in violation of § I, subsections E, D, A and J of the Association's Rules and Regulations. The reason for the other $25 fine was stated as "dog on premises" in violation of § I, subsections N & D.
The trial judge found that the $25 fine regarding the dog was inappropriate because plaintiff was not "maintaining" a pet on the premises as is required to be proven under the relevant Rule and Regulation. As to the truck on the lawn, the judge found that the $25 fine was not warranted because no damage was done to the lawn.
On appeal, the Association presents the following issues.
I. THE COURT ERRED IN DENYING THE AUTHORITY OF THE BOARD OF DIRECTORS TO PROMULGATE AND ENFORCE RULES AND REGULATIONS
II. THE COURT ERRED IN ITS FINDING THAT THE TRUCK ON THE LAWN DID NOT CONSTITUTE A VIOLATION OF THE BY-LAWS AND RULES AND REGULATIONS
III. THE COURT ERRED IN ITS FINDING THAT THE DOG ON THE PREMISES DID NOT CONSTITUTE A VIOLATION OF THE BY-LAWS AND RULES AND REGULATIONS
IV. THE COURT ERRED IN NOT ALLOWING DEFENSE COUNSEL TO CROSS-EXAMINE THE PLAINTIFF AND TO PRESENT HIS CASE IN A NORMAL MANNER, AS WELL AS TO PRESENT THE DOCUMENTS IN EVIDENCE
V. THE COURT ERRED IN FAILING TO TAKE JUDICIAL NOTICE OF THE CONDOMINIUM ACT, MASTER DEED, AND THE DEED TO THE *426 PLAINTIFF, AND TO INTERPRET SAME IN RELATION TO THE LAW AS WELL AS THE BY-LAWS AND THE RULES AND REGULATIONS.
We begin our analysis by observing that appeals are taken from judgments and not from a judge's reasons. Thus, a judgment will be affirmed on appeal if it is correct, even though the judge gave the wrong reasons for it. Isko v. Planning Bd. of Livingston Tp., 51 N.J. 162, 175, 238 A.2d 457 (1968).
Ordinarily, decisions made by a condominium association board should be reviewed by a court using the same business judgment rule which governs the decisions made by other types of corporate directors. Courts at Beachgate v. Bird, 226 N.J. Super. 631, 641, 545 A.2d 243 (Ch.Div. 1988); Papalexiou v. Tower West Condominium, 167 N.J. Super. 516, 527, 401 A.2d 280 (Ch.Div. 1979).
The [business judgment] rule requires that there be a showing of fraud or lack of good faith in the conduct of the affairs of a corporation in order to question decisions of its board of directors. If the directors' actions are authorized, fraud, self-dealing or unconscionable conduct must be shown to justify judicial action.
[Courts at Beachgate, supra, 226 N.J. Super. at 641, 545 A.2d 243.]
In this case, there was no evidence of fraud or self-dealing by the Board, and, although one might say without fear of contradiction that the Board overreacted to plaintiff's de minimis conduct, we cannot conclude that its action was unconscionable.
However, in order to obtain the benefit of the business judgment rule, the Associations' directors must be "authorized" to act. Ibid. The directors' actions are authorized if the power to act is found in the statute governing such associations, and the association's by-laws. Thanasoulis v. Winston Tower 200 Ass'n, Inc., 214 N.J. Super. 408, 411, 519 A.2d 911 (App.Div. 1986), rev'd on other grounds, 110 N.J. 650, 542 A.2d 900 (1988). The Condominium Act (Act) states that an association may "provide a method for adoption, amendment and enforcement" of its rules and regulations. N.J.S.A. 46:8B-13(d) (emphasis added). The Association's By-Laws provide that failure to abide by the Rules and Regulations, By-Laws, or the provisions of the Master Deed "shall entitle the Association to bring suit to recover monies due *427 or for damages and/or injunctive relief or both against the offending Unit Owner." That is what the word "enforcement" in the statute envisions. Nothing in the Act or the Association's By-Laws gives the Association power to administer fines or impose liens through its Rules and Regulations as it did in this case. Both would be required to give the Association the authority to act as it did here. Thus, the fines and liens it imposed were improper. See Siller v. Hartz Mountain Associates, 93 N.J. 370, 377, 461 A.2d 568 cert. denied, 464 U.S. 961, 104 S.Ct. 395, 78 L.Ed.2d 337 (1983) (citing N.J.S.A. 46:8B-16(b)) ("If a unit owner fails to comply with the rules and regulations or any of the provisions in the master deed, he may be subject to a suit for injunctive relief by the association....").
Two cases from outside the jurisdiction provide support for this conclusion. In Nahrstedt v. Lakeside Village Condominium Assoc., Inc., 25 Cal. App.4th 1473, 11 Cal. Rptr.2d 299, review granted, 13 Cal. Rptr.2d 510, 839 P.2d 1019 (Cal. 1992), a condominium unit owner brought an action against the condominium association board challenging pet restrictions. The association counterclaimed for enforcement of fines that it had imposed. In support of its decision to impose fines, the association pointed to the association's "Covenants, Conditions, and Restrictions" (CCRs), which stated:
The Board shall have the right to adopt reasonable rules ... relating to the use of the Common Area [as well as the] ... control of pets....
[Id. 11 Cal. Rptr.2d at 310.]
Defendant also pointed out that rules regarding both pets and fines were enacted pursuant to this provision. The pet rule stated, in effect, that no pets were allowed on the premises. The rule regarding fines was in the section of the rules entitled "Enforcement," and it set forth various penalties that could be assessed. Ibid.
While noting that the CCRs gave the board the authority to manage the affairs of the association and the power and duty to enforce the provisions of the CCRs, the court also pointed to a separate provision of the CCRs, similar to the provision in the *428 case at bar, which stated that the board could enforce the CCRs and rules enacted pursuant thereto by bringing an action for damages or injunctive relief. Id. 11 Cal. Rptr.2d at 310-11 (emphasis added). The court concluded by noting that nothing in the CCRs gave the board the power to impose penal fines. Id. 11 Cal. Rptr.2d at 311.
In Unit Owners Ass'n of BuildAmerica-1 v. Gillman, 223 Va. 752, 292 S.E.2d 378 (1982), a condominium association challenged a lower court decision finding that the provision of the by-laws providing for the collection of fines was unenforceable. The fines were imposed pursuant to a section of the by-laws which stated that the board had the power to "[levy] fines against Unit owners for violation of the Rules and Regulations established by it...." Id. 292 S.E.2d at 381. The association relied on provisions of the Virginia Condominium Act which stated that the board had "the right of assessment and the right to lien for failure to pay assessments...." Ibid.
The Virginia Supreme Court held that the levying of fines was impermissible. The Court stated the following:
We find no language in the Condominium Act which authorizes the executive or governing body of a condominium to levy fines, impose penalties, or exact forfeitures for violation of bylaws and regulations by unit owners.... The Condominium Act provides the manner in which an association shall compel compliance with condominium instruments. [The Act] reads as follows:
The declarant, every unit owner, and all those entitled to occupy a unit shall comply with all lawful provisions of this chapter and all provisions of the condominium instruments. Any lack of such compliance shall be grounds for an action or suit to recover sums due, for damages or injunctive relief, or for any remedy available at law or in equity....

The statute does not purport to grant an association the power to secure compliance with its bylaws, rules, and regulations by the imposition of a fine or the exaction of a penalty.
[Id. at 383-84 (emphasis added).]
The Court concluded by noting that the imposition of a fine is a governmental power. Id. at 384.
Affirmed.