OPINION OF THE COURT
Geoffrey J. O’Connell, J.
*1046 Winston Churchill once said “No one pretends that democracy is perfect or all-wise.” In this case plaintiff contends that the fine imposed upon her by the board that governs “the little democratic sub society” that is her condominium, was not only unwise but illegal.
The defendants, individual members of the Board of Directors of the Landmark Colony at Oyster Bay Homeowners Association and the association itself, apply to the court for an order granting them summary judgment dismissing the complaint and awarding them $4,237.60 plus interest, costs and disbursements on their counterclaim. Plaintiff Diana Blumberg, the owner of a home within the Landmark Colony at Oyster Bay, opposes.
Factual Setting
The Landmark Colony at Oyster Bay is a 33-unit condominium comprising eight buildings, the first public offering of which was in 1979. Plaintiff Diana Blumberg and “her then husband” purchased the unit known as 14 Adams Court in 1982. Pursuant to the “Declaration of Covenants, Restrictions, Easements, Charges and Liens,” each unit owner is a member of the “Landmark Colony at Oyster Bay Home Owners Association, Inc.” An undated document entitled, “By-Laws of Landmark Colony at Oyster Bay Homeowners Association, Inc.,” is presented to the court as the bylaws by which the homeowners association, a not-for-profit corporation, is governed.
The complaint alleges that on March 20 and 21 of 1999 plaintiff Diana Blumberg conducted a garage sale at 14 Adams Court. Although the defendants’ answer admits this allegation, both defendants and plaintiff have referred to a garage sale on June 20 and 21 of 1999. (Plaintiffs response to interrogatory 19; affirmation of Brian S. Sokoloff at 2.) The complaint further alleges that plaintiff was thereupon fined $250 for each day of the garage sale or a total of $500 for violating article XI (d) of the declaration. That provision states: “No nuisance shall be allowed upon the property nor shall any use or practice be allowed which is a source of annoyance to residents or which interferes with the peaceful possession and proper use of the property by its residents.” Although the defendants’ answer denies this allegation, defense counsel has averred that, “defendants modestly fined plaintiff $250 per day, for a total of $500 for creating the nuisance and annoyance.” (Affirmation of Brian S. Sokoloff at 2, 3.) Plaintiff has refused to pay the fine *1047 and in her first cause of action seeks a declaration that the imposition of the fine was null and void. In her second cause of action plaintiff seeks a declaration that the lien filed against her unit arising out of the fine is null and void.
The subject matter of the third and fourth causes of action is a claim that the defendant homeowners association has failed in its duty to maintain and repair the common areas associated with the plaintiff’s unit. The third cause of action seeks a mandate that such maintenance and repair work be done and the fourth cause of action seeks an award of punitive damages premised on plaintiffs contention that defendants’ conduct was motivated by bad faith. Finally, as a fifth cause of action plaintiff seeks an award for the attorney’s fees she has incurred. The defendants’ answer, in addition to denials and defenses, includes a counterclaim for $4,237.60 for homeowners dues, common charges and late fees.
The Garage Sale
In Matter of Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530, 536 [1990]), the Court of Appeals not only employed the oft-quoted description of a cooperative or condominium association as, “a little democratic sub society of necessity” (Hidden Harbour Estates, Inc. v Norman, 309 So 2d 180, 182 [Fla Dist Ct App 1975]), but further characterized it as a “quasi-government.” Fleshing out this analogy, the Court of Appeals said:
“Through the exercise of this authority, to which would-be apartment owners must generally acquiesce, a governing board may significantly restrict the bundle of rights a property owner normally enjoys. Moreover, as with any authority to govern, the broad powers of a cooperative board hold potential for abuse through arbitrary and malicious decisionmaking, favoritism, discrimination and the like.” (Matter of Levandusky v One Fifth Ave. Apt. Corp., supra at 536.)
While it acknowledged the potential for abuse of power, the Court found that the standard to be applied for the review of cooperative or condominium board actions should be modeled on the elastic business judgment rule from the corporate sphere as such a standard would best suit the purposes for which residential communities and their governing structures were formed. Those purposes were stated to be “protection of the *1048 interest of the entire community of residents in an environment managed by the board for the common benefit.” (Id. at 537.)
Before reviewing a condominium board’s exercise of any power under the business judgment standard, however, the court must first make a determination as to whether the board in fact possessed the power it purported to exercise. (See, Schoninger v Yardarm Beach Homeowners’ Assn., 134 AD2d 1, 6-7 [2d Dept 1987]; Walker v Briarwood Condo Assn., 274 NJ Super 422, 644 A2d 634 [1994]; Miesch v Ocean Dunes Homeowners Assn., Inc., 120 NC App 559, 464 SE2d 64 [1995].) After all, no democratic principle is more fundamental than that all governments ultimately derive their powers from the consent of the governed. Thus, the power claimed by the board must either be granted by statute or derived from the declaration or bylaws of the condominium. (1A [part 1] Rohan and Reskin, Condominium Law and Practice § 45.04 [1]; Fierro, Condominium Association Remedies Against a Recalcitrant Unit Owner, 73 St. John’s L Rev 247, 252 [1999].)
“[C]ourts and statutes vary widely as to whether monetary sanctions are permissible and, if so, in what amounts and after what level of due process sanctions are reasonable.” (1A [part 1] Rohan and Reskin, Condominium Law and Practice § 44.06 [3] [b] [iv].) Responding to the argument that the enabling statute placed no inherent limitation on the power of a condominium board, the Supreme Court of Virginia held: “The imposition of a fine is a governmental power. The sovereign cannot be preempted of this power, and the power cannot be delegated or exercised other than in accordance with the provisions of the Constitutions of the United States and of Virginia.” (Unit Owners Assn. of Buildamerica-1 v Gillman, 223 Va 752, 764, 292 SE2d 378, 384 [1982].) Thereafter, the Virginia Legislature amended the enabling statute to permit “assessments” not exceeding $50 for a single offense and $10 per diem for a continuing offense provided certain procedural safeguards were followed. (1A [part 1] Rohan and Reskin, Condominium Law and Practice § 44.06 [3] [b] [iv].) In New Jersey, which like New York uses a business-judgment-rule standard of review, it has been held that absent a specific grant in the enabling statute and association bylaws, there exists no power to impose fines or levy liens based on unpaid fines. (Walker v Briarwood Condo Assn., 274 NJ Super 422, 644 A2d 634 [1994].)
The New York Condominium Act (Real Property Law art 9-B) provides that the operation of the condominium property “shall *1049 be governed, by by-laws, a true copy of which shall be annexed to the declaration. No modification of or amendment to the bylaws shall be valid unless set forth in an amendment to the declaration and such amendment is duly recorded.” (Real Property Law § 339-u.) The bylaws may impose such restrictions on and requirements respecting the use of units “as are designed to prevent unreasonable interference with the use of their respective units and of the common elements by the several unit owners.” (Real Property Law § 339-v [1] [i].) The bylaws may be amended upon a sufficient vote of the unit owners. (Real Property Law § 339-v [1] [j].)
While a validly adopted bylaw banning all garage sales within the condominium would be sustainable under the business judgment rule (see, 600 W. 115th St. Corp. v 600 W. 115th St. Condominium, 180 AD2d 598 [1st Dept 1992]), no such bylaw was in effect at the time plaintiff held her garage sale. Rather defendants contend that the holding of a garage sale violated the above quoted portions of the declaration which proscribed any “nuisance” and “any use or practice . . . which is a source of annoyance.”
“[N]uisance, as a general term, describes the consequences of conduct, the inconvenience of others, rather than the type of conduct involved.” (Copart Indus, v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569 [1977] [citation omitted].) An element of a private action for nuisance is that the inconvenience caused by the conduct complained of be substantial. (Id. at 570; PJI 3:16 [2006].) To prosecute a private claim for a public nuisance, a plaintiff must prove particular damage resulting from the public nuisance. (Van Cortlandt v New York Cent. R.R. Co., 265 NY 249, 264 [1934]; PJI 3:18.) There is no evidence that the garage sale either substantially inconvenienced other condominium residents or caused them particular damage. While these deficiencies would pose no obstacle to the enforcement of a specific bylaw prohibiting garage sales or an appropriately adopted resolution by the board of directors defining garage sales as a nuisance, no such bylaw or resolution existed at the time in question.
There is no evidence that the two members of the board of directors who have made written statements to the effect that they warned plaintiff that a garage sale constituted a prohibited nuisance were authorized by the board to relay such warnings.
*1050 The Maintenance Claim
The complaint alleges that the defendants failed to provide certain maintenance and repairs for plaintiffs unit. The performance of repairs and maintenance are matters well within the authority of the defendant board of directors to which the business judgment rule applies. “So long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith, courts will not substitute their judgment for the board’s.” (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]; Captain’s Walk Homeowners Assn. v Penney, 17 AD3d 617 [2d Dept 2005].)
Defendants have offered sworn testimony to the effect that maintenance and repairs are done on an “as needed” nondiscriminatory basis and sometimes performed at the discretion of the workman employed to perform the task. In her affidavit in opposition plaintiff specifies three items that she claims demonstrate the board of directors’ bad faith. She claims “there has been no trimming of her bushes that are under twelve (12) feet high, nor has there been lawn maintenance.” (Blumberg affidavit at 8.) However, what she relies upon as an admission by defendants refers to the spraying of trees, not trimming. Nor are her claims of lack of lawn and shrub maintenance, to which defendants have submitted sworn denials, supported by any evidence, photographic or other.
Plaintiff somewhat disingenuously avers that her unit had never been painted, but later states “when it was painted during the course of this litigation in 2005, no steps were taken to repair the rotted wood.” (Blumberg affidavit at 12 [emphasis supplied].) With regard to the rotted wood, plaintiff offers no grounds for her assertion that such a condition should be the responsibility of the defendant homeowners’ association. Article IX, § 2 of the declaration makes individual unit owners responsible for maintenance “not otherwise directed by the provisions of this Declaration to be performed by the Association.”
Finally, defendants acknowledge that plaintiffs driveway is in need of repair and is one of five units awaiting such repairs. Plaintiff neither alleges nor offers any evidence that those driveways resurfaced before hers were not at least equally in need of repair.
Conclusion
The defendants’ motion for summary judgment dismissing the first and second causes of action are denied and, pursuant *1051 to CPLR 3212 (b), the court grants summary judgment to plaintiff on these causes of action and declares that the action of the board of directors imposing a fine premised on the garage sale was null and void as are all subsequent actions intended to collect and enforce the fine.
The defendants’ motion for summary judgment dismissing the third, fourth and fifth causes of action is granted and the same Eire hereby dismissed.
Each party shall be responsible for their own legal fees. (Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989]; Pelli v Connors, 7 AD3d 464 [1st Dept 2004].)