**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1660-16T3

JACQUELINE A. CHASSMAN,

    Plaintiff-Appellant,

v.

LONGVIEW AT MONTVILLE CONDOMINIUM
ASSOCIATION, INC./BOARD OF
TRUSTEES, and TAYLOR MANAGEMENT,

    Defendants-Respondents.

_____

          Argued May 1, 2018 — Decided June 7, 2018

          Before Judges Hoffman, Gilson, and Mitterhoff.

          On appeal from Superior Court of New Jersey,
          Law Division, Morris County, Docket No.
          L-0688-16.

          Bruce J. Ackerman argued the cause for
          appellant (Pashman Stein Walder Hayden, PC,
          attorneys; Bruce J. Ackerman, on the brief).

          Samuel J. McNulty argued the cause for
          respondents (Hueston McNulty, PC, attorneys;
          Samuel J. McNulty, on the brief).

PER CURIAM

Plaintiff Jacqueline A. Chassman appeals from a November 16, 2016 order granting summary judgment to defendants Longview at Montville Condominium Association (Association), its Board of Trustees (Board), and its property management company, Taylor Management (Taylor) (collectively, defendants). She also appeals from orders denying her requests to compel discovery. The underlying dispute involves a $150 fine for a violation of the condominium's Code of Conduct and the suspension of plaintiff's right to use the condominium facilities when she failed to pay the fine. We affirm.

I.

On February 3, 2014, plaintiff and her son were involved in an altercation with an employee of a snow removal company hired by the Association. Plaintiff's son allegedly threw a punch at the employee. When the Association learned of the incident, it sent a "CEASE AND DESIST ORDER/NOTICE OF FINE" letter to plaintiff. The letter explained that the son's action was a violation of the Association's Code of Conduct and, therefore, plaintiff was fined $100.

Plaintiff requested a hearing to dispute the allegation. The Association's judicial committee (Committee) held a hearing on June 4, 2014, and plaintiff was afforded the opportunity to testify, call and cross-examine witnesses, and present evidence.

The Committee found that the son's testimony was not credible and concluded that "unlawful physical contact occurred" by the son against the snow plow operator. That conduct was in violation of the Code, and the Committee imposed a $150 fine on plaintiff.

The Committee's findings were memorialized in a written decision dated June 17, 2014. Plaintiff appealed to the Board, which affirmed the Committee's decision on September 12, 2014.

Plaintiff failed to pay the $150 fine, which resulted in the suspension of her membership privileges. While her privileges were suspended, plaintiff could not use the condominium's common facilities, such as the swimming pool and clubhouse. The Association informed plaintiff that to reactivate her membership, she needed to pay the $150 past due on her account. It also explained that under the by-laws, membership privileges can be suspended indefinitely for unpaid fees. Eventually, plaintiff paid the fine in February 2016, and her membership privileges were reinstated.

In May 2015, plaintiff filed an action against defendants in the Special Civil Part. She alleged that the Association's Code of Conduct was invalid, its dispute resolution procedures were unlawful, and the Board had violated its fiduciary duty. In terms of damages, plaintiff sought $8500, plus interest, and $749 for

costs.  Following several amendments to her complaint, the action was transferred to the Law Division in March 2016.

As part of her discovery, plaintiff requested access to minutes from past Association meetings dating back to 2006.  She contended that those minutes related to her claim that the Association adopted the Code of Conduct in 2006 in violation of the by-laws, by not obtaining approval by a majority vote of the unit owners.  When the Association denied access to those records, plaintiff filed a motion to compel discovery.  The court, however, denied that motion in an order entered on December 4, 2015.  She moved for reconsideration, but in an April 13, 2016 order, the trial court denied that application.  The court found that plaintiff's request for documents created in 2006 were not relevant to her claims, which arose in 2014.  Plaintiff filed another motion to compel discovery, which was denied in an order dated August 19, 2016.  The trial court stated that plaintiff's discovery demands "[were] overbroad and [were] not calculated to lead to relevant, admissible evidence."

In August 2016, defendants moved for summary judgment.  After hearing oral argument on October 25, 2016, the court granted summary judgment to defendants in an order dated November 16, 2016.  The court issued a written opinion in support of its ruling.

4

The trial court found that plaintiff's primary claim challenged the Association's authority to impose a $150 fine against her and suspend her membership privileges. The trial court then held that all of the actions taken by the Association, the Board, and the Committee in resolving the dispute were authorized under the by-laws. The court also noted that plaintiff failed to provide any evidence that the Code of Conduct was adopted in violation of the by-laws or in bad faith. Further, the trial court held that plaintiff could not show any breach of fiduciary duty by the Board because expert testimony was needed to establish such a duty, and plaintiff had not retained an expert. Finally, the court ruled that there was no basis for plaintiff's claim that the Code of Conduct violated the First Amendment.

## II.

Plaintiff appeals from the orders denying her discovery requests and granting defendants summary judgment. We use a de novo standard to review a summary judgment order, and apply the same standard employed by the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Accordingly, we determine whether, viewing the facts in the light most favorable to the non-moving party, the moving parties have demonstrated that there are no genuine disputes as to any material facts and they are entitled to judgment as a matter of law. R. 4:46-2(c); Brill

<u>v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 540 (1995). We review discovery orders for abuse of discretion. <u>Pomerantz Paper Corp. v. New Cmty. Corp.</u>, 207 N.J. 344, 371 (2011) (stating that appellate courts generally defer to a trial court's discovery-related decisions, absent an abuse of discretion or mistaken understanding and application of the law).

Plaintiff makes eight arguments on appeal: (1) the Board was not permitted to adopt the Code of Conduct without approval by a majority vote of the unit owners; (2) the Committee was biased and did not afford her a fair hearing; (3) the Committee deprived plaintiff of due process by imposing a fine against her before conducting a hearing; (4) the Association breached its fiduciary duty to its members by adopting the Code of Conduct in bad faith; (5) expert testimony was not required to establish the Association's duty and breach; (6) the trial court erred in failing to compel discovery; (7) plaintiff's membership rights were terminated in violation of the by-laws; and (8) a factual issue existed as to whether plaintiff could be penalized for an altercation between her son and a third party.

All of plaintiff's arguments turn on whether defendants acted within their authority. Because we hold that the Association had the right to adopt a Code of Conduct and to suspend plaintiff's

privileges for failing to pay the fine, we reject all of plaintiff's contentions and affirm.

The authority of a condominium association "is found in the statute governing such associations, and the association's by-laws." Walker v. Briarwood Condo. Ass'n, 274 N.J. Super. 422, 426 (App. Div. 1994); see also N.J.S.A. 46:8B-13 ("The administration and management of the condominium and condominium property and the actions of the association shall be governed by by[-]laws . . . .").[1]

Under the Condominium Act, an association's by-laws may establish "a method for the adoption, amendment and enforcement of reasonable administrative rules and regulations[.]" N.J.S.A. 46:8B-13(d). The association, acting through its officers or governing board, is responsible for enforcing the rules and regulations under its by-laws "relating to the operation, use, maintenance and enjoyment of the units and of the common elements." N.J.S.A. 46:8B-13 to -14. Moreover, the association may impose "reasonable fines, assessments and late fees upon unit owners," as set forth in its by-laws. N.J.S.A. 46:8B-14(c).

---

[1] In Walker, we held that "[n]othing in the Act . . . gives the Association power to administer fines or impose liens through its Rules and Regulations[.]" 274 N.J. Super. at 427. That part of the Walker holding was superseded by a 1996 amendment to the Condominium Act that authorized "the imposition of fines and late fees" for violations of an association's rules and regulations.

Here, the Association's by-laws empowered the Board to adopt rules and regulations. Article VI, Section 2 of the by-laws states, in relevant part:

> The Association by its Board of Trustees shall have the powers and duties necessary for the administration of the affairs of the Association . . . . Such powers and duties of the Association by its Board of Trustees shall include but shall not be limited to the following:
>
> . . . .
>
> (e) Adoption and amendment of rules and regulations covering the operation and use of the Property.

The Board's power to adopt and amend rules and regulations relating to the operation and use of the property is not subject to a majority vote of the unit owners.

Plaintiff points to Article VIII, Section 13, and argues that provision of the by-laws requires the Code of Conduct to be adopted by a majority vote of the unit owners. Article VIII, Section 13 provides:

> RULES OF CONDUCT: Rules and regulations concerning the use of Units and the Common Elements may be promulgated and amended by the Association with the approval of a majority of the Unit Owners. Copies of such rules and regulations shall be furnished by the Association to each Unit Owner. In conjunction with the adoption of such rules and regulations, the Board may include the levying of fines and penalties in the event of a violation.

A-1660-16T3

That provision is permissive — it uses the word "may." Accordingly, that provision does not limit the Board's authority to adopt rules and regulations without a vote of the unit owners. In this matter, it is undisputed that the Code of Conduct was adopted in 2006 and again in 2013, each time with the Board's approval. It also is undisputed that the Code was sent to all of the unit members, including plaintiff.

The by-laws gave the Association the right to impose a fine for a violation of the Code. Further, the by-laws expressly state that if a unit owner fails to pay an assessment, the owner's privileges can be suspended. Finally, the by-laws define "Associate Member" to include any person who occupies a unit and state that such persons are subject to the Association's rules and regulations. Under the by-laws, fines are levied against the owner of the condominium unit. Thus, plaintiff's son was an associate member and the Committee appropriately determined that plaintiff was responsible for his conduct.

Plaintiff also challenges the composition and impartiality of the Committee. Under the Condominium Act, associations are required to "provide a fair and efficient procedure for the resolution of housing-related disputes between individual unit owners and the association . . . ." N.J.S.A. 46:8B-14(k). Part of that "fair and efficient procedure" is to make available a

"person other than an officer of the association, a member of the governing board or a unit owner involved in the dispute . . . to resolve the dispute."  N.J.S.A. 46:8B-14(k).

Here, the Board established a Committee to address disputes. The Association's by-laws provide that the Committee was to be composed of one Board member and two unit owners.  In addressing plaintiff's dispute, however, the Committee consisted of a Board member who acted as a hearing officer, one Board member, and two unit owners.  Consequently, the Committee included two persons who were not officers of the Association, members of the Board, or unit owners involved in the dispute.  In short, the composition of the Committee that heard plaintiff's dispute did not violate the Condominium Act.  Plaintiff's argument that the Committee was biased finds no support in the record.

In summary, the Board had the right to adopt a Code of Conduct, the Association provided plaintiff with notice and due process, the Committee acted within its authority in imposing a reasonable fine, and plaintiff's privileges properly were suspended when she did not pay the fine.  Consequently, all of

plaintiff's remaining arguments fail, and do not warrant further comment in a written opinion.  R. 2:11-3(e)(1)(E).[2]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Since the Board acted within it authority, there was no breach of a fiduciary duty by the Board. In that regard, plaintiff made no showing of "instances of fraud, self-dealing, or unconscionable conduct" by the Board. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 166 (2011).  Accordingly, we need not address whether plaintiff needed an expert to support her claim of a breach of duty by the Board.

A-1660-16T3