**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3381-16T3

CHRISTINE SPELLMAN,

    Plaintiff-Appellant,

v.

THERESA KOSENSKI and PLYMOUTH
ROCK ASSURANCE,[1]

    Defendants-Respondents.

_____

Submitted June 5, 2018 - Decided June 27, 2018

Before Judges Reisner and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Docket No.
L-2086-15.

Raymond S. Gurak, attorney for appellant.

Law Offices of Debra Hart, attorneys for
respondent Theresa Kosenski (Steven
Greenberg, of counsel and on the brief).

McDermott & McGee, LLP, attorneys for
respondent Plymouth Rock Assurance (Richard M.
Tango, of counsel; Michael W. Cartelli, on the
brief).

---

[1]  Incorrectly designated as "Plymouth Rock Assurance Company."

PER CURIAM

Plaintiff Christine Spellman appeals from a February 27, 2017 order granting summary judgment in favor of defendant Theresa Kosenski (Kosenski)[2] and a March 15, 2017 order dismissing the complaint, with prejudice, as to defendant Plymouth Rock Assurance (Plymouth).[3] We affirm.

The following facts are undisputed. On June 10, 2013, plaintiff, while visiting her mother for lunch, fell down a set of exterior stairs at Kosenski's house. Plaintiff sustained an ankle fracture requiring surgery.

Based on her injuries, plaintiff filed suit against her mother and her mother's insurer Plymouth. Plaintiff's complaint alleged negligence against Kosenski and bad faith against Plymouth for refusing to assess plaintiff's claim or make any reasonable offer of compensation.

Plaintiff testified during her deposition that she went to her mother's house for lunch on the day of the accident. Plaintiff recalled leaving by the kitchen door to return to work. Plaintiff was unable to remember anything from the time she walked to the door to exit her mother's home to when she woke on the pavement

---

[2] Kosenski is plaintiff's mother.

[3] On the date of plaintiff's accident, Kosenski was insured under a homeowners policy issued by Plymouth.

A-3381-16T3

at the bottom of the stairs with pain in her head and ankle. Plaintiff also testified that the top step of the exterior stairs was "a little higher than the other steps," she knew the top step was higher, and she had walked down the exterior steps many times before the incident.

After the completion of discovery, Kosenski moved for summary judgment and Plymouth moved to dismiss the complaint. In support of summary judgment, Kosenski argued plaintiff failed to prove she was negligent or that she knew, or should have known, that the top step presented a dangerous condition. Kosenski also claimed plaintiff had no expert report identifying the step as a dangerous condition.

Plaintiff filed an affidavit in opposition to Kosenski's motion. In her affidavit, submitted well after her deposition, plaintiff explained she may have fallen due to the height difference in the top step and because she was wearing new sneakers on the day of the accident.

In its motion to dismiss, Plymouth argued plaintiff's belated recollection, three years after the accident, that the new sneakers must have caused her fall, precluded any finding that Plymouth acted in bad faith by denying plaintiff's claim absent a determination that the insured was negligent.

3

In a written opinion, the motion judge found plaintiff was a social guest, not a business invitee. He also noted plaintiff knew the top step was higher than the other steps, and that plaintiff did not know what caused her to fall. The judge found plaintiff failed to prove that her mother was negligent.[4]

On appeal, plaintiff argues the judge erred in granting summary judgment in favor of Kosenski. Specifically, plaintiff claims the judge mistakenly concluded plaintiff was a social guest, instead of an invitee, and there were questions of material fact as to Kosenski's negligence. Additionally, plaintiff argues the dismissal of the complaint against Plymouth was not part of the judge's original ruling, and must be reversed.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a

---

[4] After ruling on Kosenski's motion, the judge denied Plymouth's motion as moot. Plymouth wrote to the judge, explaining that the court's ruling left the matter unresolved as to the bad faith claim. Based upon the motion judge's determination that Kosenski was not negligent, he subsequently dismissed plaintiff's bad faith claim with prejudice.

matter of law." R. 4:46-2(c). See also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (quoting City of Atlantic City v. Trupos, 201 N.J. 447, 463 (2010)).

To prove negligence, a plaintiff must demonstrate: (1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) injury. Townsend v. Pierre, 221 N.J. 36, 51 (2015). A plaintiff bears the burden of proving negligence. Khan v. Singh, 200 N.J. 82, 91 (2009). "Premises liability is a subset of general negligence law." Pequero v. Tau Kappa Epsilon Local Chapter, 439 N.J. Super. 77, 88 (App. Div. 2015).

The duty of a landowner to a person who has been injured because of a dangerous condition on private property is based on the status of the person at the time of the injury. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433 (1993).

> An owner or possessor of property owes a higher degree of care to the business invitee because that person has been invited on the premises for purposes of the owner that often are commercial or business related. A lesser degree of care is owned to a social guest or licensee, whose purposes for being on the land

may be personal as well as for the owner's benefit.

[Ibid.]

"Only to the invitee . . . does a landowner owe a duty of reasonable care to guard against any dangerous conditions on [the] property that the owner either knows about or should have discovered." Id. at 434.

Plaintiff claims she provided assistance and benefits to her mother and therefore was an invitee. The judge found plaintiff was a social guest because the activities she performed were not commercial or business in nature. He concluded that the familial relationship between the parties evidenced the status of plaintiff as a social guest rather than an invitee.

We find the judge properly applied the law in determining that plaintiff was a social guest. On the day of the accident, plaintiff went to her mother's house to have lunch, as she did two or three times every week. While plaintiff also ran errands and otherwise assisted her mother, she was not hired for that specific purpose.

Regardless of whether plaintiff was a social guest or an invitee, plaintiff's claims fail because she was unable to meet her burden of proving Kosenski was negligent. Plaintiff failed to show either that Kosenski knew or should have known the height

6

discrepancy of the top step. Plaintiff also failed to establish that the step height constituted a "dangerous condition." Plaintiff provided no expert testimony demonstrating that the height difference between the steps constituted a dangerous condition or caused the accident.

Turning to plaintiff's claim that material disputed facts precluded summary judgment, we consider plaintiff's affidavit in opposition to Kosenski's motion for summary judgment. Where a party presents an affidavit that is inconsistent with the party's prior sworn discovery responses, the sham affidavit doctrine may be applicable.[5] <u>Shelcusky v. Garjulio</u>, 172 N.J. 185, 201 (2002). The sham affidavit doctrine "requires a court to evaluate whether a true issue of material fact remains in the case notwithstanding an affiant's earlier deposition testimony." <u>Ibid.</u> A trial court "should not reject alleged sham affidavits where the contradiction is reasonably explained, where an affidavit does not contradict patently and sharply the earlier deposition testimony, or where confusion or lack of clarity existed at the time of the deposition

_____

[5] Although the judge did not expressly base his decision on the self-serving nature of plaintiff's affidavit, we are free to agree with the trial court's decision for reasons other than those expressed by the judge. We affirm or reverse orders, not reasons. <u>See</u> <u>Isko v. Planning Bd. of Livingston</u>, 51 N.J. 162, 175 (1968); <u>Walker v. Briarwood Condo Ass'n</u>, 274 N.J. Super. 422, 426 (App. Div. 1994).

questioning and the affidavit reasonably clarifies the affiant's earlier statement." Id. at 201-02.

During her deposition, plaintiff claimed she had no memory of the accident. Three-and-a-half years after the accident, and four months after her deposition, plaintiff recalled that she was wearing new sneakers on the day of her mishap. According to her affidavit, the wearing of new sneakers, coupled with the height discrepancy of the top step, caused plaintiff to "believe" that the bottom of her shoe got caught on the top step and caused her to fall down the stairs.

Plaintiff's belated affidavit sets forth her theory as to the reason for her fall. Plaintiff does not claim to recollect what happened on the day of the accident. Thus, we find that plaintiff's self-serving and speculative assertions in her affidavit failed to create a question of material fact, and the judge properly granted Kosenski's summary judgment motion. Martin v. Rutgers Cas. Ins. Co., 346 N.J. Super. 320, 323 (App. Div. 2002).

We next examine whether the judge properly dismissed plaintiff's claim against Plymouth. Plaintiff argues Plymouth acted in bad faith by not properly assessing her personal injury

claim or offering reasonable compensation for her injury.[6]
Plymouth moved to dismiss plaintiff's bad faith claim, arguing that absent a finding of negligence by its insured, plaintiff could not sustain a claim for bad faith. The judge agreed and granted Plymouth's application.[7]

We agree with the motion judge that plaintiff's claim for bad faith against Plymouth lacked any legal basis once the judge found that Plymouth's insured, Kosenski, was not negligent.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6]  Plaintiff's bad faith claim is premised on <u>Rova Farms Resort, Inc., v. Inv'rs. Ins. Co. of Am.</u>, 65 N.J. 474, 496 (1974).

[7]  In his March 15, 2017 order, the judge noted the claims against Plymouth were dismissed "[f]or the reasons set forth by the [c]ourt on the record on [March 3, 2017]." Plaintiff did not provide the March 3, 2017 transcript.

A-3381-16T3