**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4376-18T2

PARKING AUTHORITY OF
THE CITY OF PATERSON,

     Plaintiff-Appellant,

v.

THEODORE LEVINE, ESTATE
OF ALAN C. LEVINE, and
LEVINE INDUSTRIES, INC.,

     Defendants-Respondents.

_____

Argued February 26, 2020 – Decided March 24, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1338-18.

William W. Northgrave argued the cause for appellant (McManimon, Scotland & Baumann, LLC, attorneys; William W. Northgrave, Demetrice R. Miles, Jennifer Credidio, and Ted Del Guercio, III, on the briefs).

Richard P. De Angelis argued the cause for respondents (McKirdy, Riskin, Olson & Della Pelle, PC, attorneys; Richard P. De Angelis, of counsel and on the brief).

PER CURIAM

Plaintiff Parking Authority of the City of Paterson (Authority) appeals from the following orders: a January 8, 2019 order denying the Authority's request to access property owned by defendants Theodore Levine, Estate of Alan C. Levine, and Levine Industries, Inc. to conduct pre-condemnation testing pursuant to N.J.S.A. 20:3-16; a March 26, 2019 order denying reconsideration of the January 8 order; and a June 11, 2019 order awarding attorney's fees and costs to defendants in accordance with N.J.S.A. 20:3-26(b). We affirm all orders on appeal.

On April 8, 2008, the governing body of the City of Paterson (City) adopted a resolution declaring an area within the municipality in need of rehabilitation in accordance with N.J.S.A. 40A:12A-7 and -14 of the Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -73. The area in need of rehabilitation was known as "Area #11 Neighborhood Redevelopment Zone" (Area #11). Defendants own property in Area #11 on Court Street (Property).

In 2018, the Authority attempted to purchase the Property, indicating it would invoke the power of eminent domain if defendants declined to sell. Before deciding whether to sell, defendants requested information concerning

A-4376-18T2

the Authority's proposed use of the Property. The Authority stated the Property was needed for a "public use" in connection with the development of a parking facility. Defendants then asked the Authority to provide a copy of the resolution authorizing acquisition of the Property and studies supporting the need for a parking facility on the site. The Authority did not respond to defendants' request for information and defendants refused to sell the Property to the Authority.

The Authority filed a verified complaint and order to show cause (OTSC) seeking entry to the Property to conduct an environmental site assessment and testing pursuant to N.J.S.A. 20:3-16 of the Eminent Domain Act of 1971, N.J.S.A. 20:3-1 to -50. The Authority claimed it required preliminary access to decide whether to acquire the Property through eminent domain. The Authority relied on N.J.S.A. 40:11A-7 of the Parking Authority Law, N.J.S.A. 40:11A-1 to -26, in support of its right to take the Property by eminent domain.

On the return date of the OTSC, the judge ordered the Authority to provide documents regarding its intended use of the Property. After the Authority produced documents supporting the need to acquire the Property, the parties presented arguments to the judge concerning the Authority's application for preliminary entry to the Property under N.J.S.A. 20:3-16.

3

To obtain preliminary access to property prior to exercising the power of eminent domain, the prospective condemnor must have the "authority to condemn" the property in question. N.J.S.A. 20:3-16. Therefore, the judge determined the Authority's right to condemn had to be resolved before he could consider the application for preliminary entry to the Property.

To decide that question, the judge reviewed the City's designation of Area #11 as an area in need of rehabilitation in accordance with the LRHL. Because the Property was within Area #11, there were "stringent requirements upon the governing body to acquire real property within the designated area through the means of eminent domain." Relying on N.J.S.A. 40A:12A-15, the judge held, "[o]nce the governing body adopts by ordinance or resolution the designation of '[A]rea in [N]eed of [R]ehabilitation,' 'the municipality shall not have the power to take or acquire private property by condemnation in furtherance of a redevelopment plan[]'" absent one of three enumerated exceptions.

The judge held "the only issue before the [c]ourt [was] whether the discretionary decision by the City of Paterson designating Area #11 an Area in Need of Rehabilitation was arbitrary or capricious, contrary to law, or unconstitutional." The judge reviewed the findings and conclusions set forth in the City's resolution designating Area #11 as an area in need of rehabilitation,

and concluded the City's designation complied with the requirements of the LRHL and therefore was not arbitrary, capricious, or unlawful.

Based on the City's designation of Area #11 as in need of rehabilitation under the LRHL, the Authority could not acquire the Property by eminent domain unless it had the power to implement rehabilitation or redevelopment activities as a "municipality" or "redevelopment entity." N.J.S.A. 40A:12A-15. Absent designation as a redevelopment entity, the Authority lacked the requisite "authority to condemn" the Property and therefore was not entitled to preliminary entry under N.J.S.A. 20:3-16. The judge denied the Authority's application for preliminary entry to the Property in a January 8, 2019 written statement of reasons.

The Authority moved for reconsideration, claiming it satisfied the exception set forth in N.J.S.A. 40A:12A-15(b), allowing condemnation of property in an area in need of rehabilitation, because it possessed the power of eminent domain as "authorized under any other law of this State." The Authority argued the Parking Authority Law, specifically N.J.S.A. 40:11A-7, satisfied the "any other law of this State" exception. The judge denied the reconsideration motion.

5

Thereafter, defendants filed an application for fees and costs pursuant to N.J.S.A. 20:3-26(b). In a June 11, 2019 order, the judge awarded the sum of $22,949.43 to defendants' counsel. The judge determined reasonable fees and costs were authorized because the Authority could not acquire the Property by condemnation. The judge found nothing in the language of N.J.S.A. 20:3-26 required the filing of a condemnation action as a prerequisite to an award of fees and costs.

On appeal, the Authority contends the judge erred in denying it access to the Property pursuant to N.J.S.A. 20:3-16. In addition, the Authority claims it has the right to exercise the power of eminent domain despite the Property's location in an area in need of rehabilitation because it satisfied the exception in 40A:12A-15(b) of the LRHL. Further, the Authority asserts the judge erred in denying its motion for reconsideration and awarding defendants' fees and costs pursuant to N.J.S.A. 20:3-26(b).

"[A] municipality's adoption of . . . a redevelopment plan[] is a discretionary decision . . . ." Powerhouse Arts Dist. Neighborhood Ass'n v. City Council of Jersey City, 413 N.J. Super. 322, 332 (App. Div. 2010). "A court will uphold such an exercise of discretion unless 'arbitrary or capricious, contrary to law, or unconstitutional.'" Ibid. (quoting Downtown Residents for

Sane Dev. v. City of Hoboken, 242 N.J. Super. 329, 332 (App. Div. 1990)). The "findings underlying the municipal governing body's redevelopment decision . . . must be adequately supported by the record, lest the resulting plan adoption be arbitrary or capricious." Id. at 333 (footnote omitted) (citing Infinity Broad. Corp. v. N.J. Meadowlands Comm'n, 377 N.J. Super. 209, 225 (App. Div. 2005), rev'd on other grounds, 187 N.J. 212 (2006)).

"Actions of a [municipal body] are presumed to be valid and the party attacking such action has the burden of proving otherwise." N.Y. SMSA Ltd. P'ship v. Bd. of Adjustment of Twp. of Bernards, 324 N.J. Super. 149, 163 (App. Div. 1999). "When we consider an appeal of a trial court's review of a municipal board's action, we are bound by the same standard as the trial court." Cohen v. Bd. of Adjustment of Borough of Rumson, 396 N.J. Super. 608, 614-15 (App. Div. 2007). However, we review interpretations of law de novo. See Nuckel v. Borough of Little Ferry Planning Bd., 208 N.J. 95, 102 (2011).

We first consider the Authority's argument that it had the right to exercise the power of eminent domain. Neither the judge nor defendants disputed that the Authority has the right to exercise eminent domain pursuant to the Parking Authority Law, specifically N.J.S.A. 40:11A-7. However, the right to eminent domain under the Parking Authority Law must be read in conjunction with the

LRHL because the City designated Area #11 to be in need of rehabilitation. In accordance with the LRHL, "[u]pon the adoption of a redevelopment plan pursuant to [N.J.S.A. 40A:12A-7], the municipality or redevelopment entity designated by the governing body may proceed with the clearance, replanning, development and redevelopment of the area designated in that plan." N.J.S.A. 40A:12A-8 (emphasis added).

In accordance with N.J.S.A. 40A:12A-4(c) of the LRHL, a municipality may delegate its rehabilitation function to "a municipal redevelopment agency [or] a parking authority authorized to exercise redevelopment powers within the municipality . . . , but there shall be only one redevelopment entity responsible for each redevelopment project." N.J.S.A. 40A:12A-3 of the LRHL defines the terms "redevelopment entity," "redevelopment agency," and "parking authority." The Authority must qualify as one of these entities to oversee and implement a redevelopment plan in an area designated as in need of rehabilitation.

A "redevelopment entity" means "a municipality or an entity authorized by the governing body of a municipality pursuant to [N.J.S.A. 40A:12A-4(c)] to implement redevelopment plans and carry out redevelopment projects . . . in an area in need of rehabilitation . . . ." N.J.S.A. 40A:12A-3. A "redevelopment

agency" means an "agency created pursuant to [N.J.S.A. 40A:12A-11(a)]." Ibid. A "parking authority" means "a public corporation created pursuant to the 'Parking Authority Law,' . . . and authorized to exercise redevelopment powers within the municipality." Ibid. (emphasis added).

Words of a statute are to be "read . . . in context with related provisions so as to give sense to the legislation as a whole." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citations omitted). We are required to read the parts of a statute "so that none are rendered meaningless." State v. Rangel, 213 N.J. 500, 512 (2013). "[E]very word in a statute has meaning and is not mere surplusage." Timber Glen Phase III, LLC v. Twp. of Hamilton, 441 N.J. Super. 514, 522 (App. Div. 2015) (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 587 (2013)). "Words in a statute should not be read in isolation." Shelton v. Restaurant.com, Inc., 214 N.J. 419, 440 (2013).

The Authority argued N.J.S.A. 40A:12A-15(b), allowing the power to condemn "under any other law of this State," grants it authority to exercise eminent domain and obtain preliminary entry to the Property. However, the statute must be read in its entirety. N.J.S.A. 40A:12A-15 authorizes "a municipality or redevelopment entity" to proceed with "redevelopment and rehabilitation of an area in need of rehabilitation." There is no evidence the City

authorized the Authority to act as a redevelopment agency, redevelopment entity, or even a parking authority having redevelopment powers. The Authority relied on Resolution 10-08-2017 in support of its right to exercise the power of eminent domain consistent with N.J.S.A. 40:11A-7. Nothing in that resolution conveyed redevelopment power to the Authority.

Having reviewed the record, we are satisfied the judge properly held the Authority could not condemn the Property because it is situated within Area #11, which the City designated as an area in need of rehabilitation under the LRHL, and the Authority was never designated a redevelopment entity, redevelopment agency, or authorized by the municipality to exercise redevelopment or rehabilitation powers consistent with the LRHL. Absent the "authority to condemn," the Authority cannot obtain preliminary access to the Property.[1]

---

[1] We agree with the judge's determination but do so for reasons other than those expressed by the motion judge. We affirm or reverse judgments and orders, not reasons. Isko v. Planning Bd. of Twp. of Livingston, 51 N.J. 162, 175 (1968); Walker v. Briarwood Condo Ass'n, 274 N.J. Super. 422, 426 (App. Div. 1994). A correct result, even if grounded on an erroneous basis in fact or in law, will not be overturned on appeal. See GNOC, Corp. v. Dir., Div. of Taxation, 328 N.J. Super. 467, 474 (App. Div. 2000), aff'd as modified, 167 N.J. 62 (2001).

We next review the denial of the Authority's motion for reconsideration. The standard of review for denial of reconsideration is whether the trial court abused its discretion. Triffin v. Johnston, 359 N.J. Super. 543, 550 (App. Div. 2003). "Reconsideration itself is 'a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice[.]'" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). A motion for reconsideration

> should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Ibid. (quoting D'Atria, 242 N.J. Super. at 401).]

We will not disturb denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

Having reviewed the record, we discern no abuse of discretion in the judge's denial of the Authority's motion for reconsideration. The Authority failed to articulate any new facts or matters overlooked by the judge. See R. 4:49-2.

11

We next consider the award of legal fees and costs to defendants. The decision to award attorney's fees is committed to the discretion of the trial court. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001). Fee determinations will be disturbed "only on the rarest of occasions, and then only because of a clear abuse of discretion." Ibid. (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Pursuant to N.J.S.A. 20:3-26(b), the court shall award the property owner reasonable sums for costs and fees "[i]f the court renders final judgment that the condemnor cannot acquire the real property by condemnation[.]" Here, the judge expressly concluded the Authority could not acquire the Property by condemnation, triggering a statutory basis to award fees and costs.

The judge reviewed counsel's certification stating defendants' fees and costs incurred in litigating the Authority's right to condemn the Property and arrived at a reasonable award based on his assessment of the described services and incurred costs. We are satisfied the judge did not abuse his discretion in awarding counsel fees and costs to defendants consistent with N.J.S.A. 20:3-26(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4376-18T2